**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH                                                            (973) 645-4693
  BANKRUPTCY JUDGE                                                          Fax: (973) 645-2606

**NOT FOR PUBLICATION**

```
FILED
JAMES J. WALDRON, CLERK

FEB. 21, 2007

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner, DEPUTY
```

February 21, 2007

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Rabinowitz, Lubetkin & Tully LLC
Mary Ellen Tully, Esq.
293 Eisenhower Parkway
Suite 100
Livingston, New Jersey 07039
*Counsel for Debtor*

Ravin Greenberg PC
Brian L. Baker, Esq.
101 Eisenhower Parkway
Roseland, New Jersey 07068
*Counsel for Creditor, Catherine Romania*

Re:   *In re Nicholas A. Mattera*
      **Case No.: 05-39171 (DHS)**

Page 2
February 21, 2007

Dear Counsel:

On or about January 22, 2007, Nicholas Mattera (hereinafter "Debtor") filed a motion seeking to void the Order for Constructive Trust entered on January 11, 2007 by The Honorable Michael K. Diamond of the Superior Court of New Jersey, Chancery Division, Family Part, Passaic County Vicinage. The gravamen of the Debtor's argument is that the Superior Court order is void *ab initio* because it exceeds the relief from the automatic stay granted by this Court in Orders dated February 6, 2006 and March 21, 2006. In opposition, Catherine Romania, the Debtor's former spouse, argues that the Order for Constructive Trust is not violative of the automatic stay because it is either within the bounds of the relief from the automatic stay provided by this Court, or, in the alternative, is only ministerial in nature.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O). Venue is proper under 28 U.S.C. §§ 1408 and 1409. For the reasons that follow, the Debtor's motion is granted.

The Debtor and his former spouse, both attorneys, are embroiled in protracted divorce litigation, which has lasted more than seven years. On January 14, 2000, and in response to allegations of intentional dissipation of marital assets, the Superior Court entered twin orders restraining both the Debtor and Ms. Romania from further dissipating or disposing of marital assets other than in the normal course of the Debtor's legal practice. A final judgment of divorce was entered on September 24, 2001. The judgment made no provision for the equitable division or distribution of marital assets.

On September 9, 2005, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On October 11, 2005, Ms. Romania filed a motion to dismiss the bankruptcy case as a bad faith filing, or in the alternative, for relief from the automatic stay to continue the underlying matrimonial litigation. In her motion to dismiss, Ms. Romania argued that the matrimonial assets in her name were not property of the estate because the judgment of divorce either vested her rights in the same, or the Superior Court's orders of restraint placed the property in *custodia legis*. In the alternative, Ms. Romania asked this Court to impose a constructive trust in her favor over the matrimonial assets.

This Court refused to impose a constructive trust and responded to Ms. Romania's arguments in its February 6, 2006 Opinion, stating:

> [Ms.] Romania's argument that the assets are held in trust and are not property of the Debtor's estate is without proof or evidential support. Certainly, no order of the State Court made such a finding.

Page 3
February 21, 2007

*February 6, 2006 Opinion of The Honorable Donald H. Steckroth regarding Ms. Romania's Motion to Dismiss the Debtor's Bankruptcy Case, or in the alternative, for Relief from the Automatic Stay*, p. 7. The accompanying Order of this Court denied the motion to dismiss the bankruptcy filing while providing for limited relief from the automatic stay to pursue the underlying matrimonial litigation in the Superior Court.

On February 15, 2006, Ms. Romania filed a motion to reconsider or clarify this Court's February 6, 2006 Order. At oral argument on March 9, 2006, this Court indicated its willingness to modify the language of the February 6, 2006 Order, stating:

> [This Court asks] you to submit a clarifying order with language that would, in your view, conform with [this Court's] Opinion and prior Order but articulate [it] in a manner that might be of assistance to the Matrimonial Judge [to show] exactly what [this Court's] intent was.
>
> . . . .
>
> [T]he intent is for [the Matrimonial Judge] to fix the amount of that claim with jurisdiction retained in this Court to satisfy the claim out of the assets of the Debtor's estate.

*Transcript of the March 9, 2006 Oral Argument on Ms. Romania's Motion to Reconsider or Clarify this Court's February 6, 2006 Order*, p. 13. Both parties' bankruptcy counsel were permitted to comment on the clarifying language prior to the entry of the March 21, 2006 Order (hereinafter "Amended Order") granting relief from the automatic stay to fix Ms. Romania's claim by means of a determination of equitable division in the Superior Court.

The pertinent language of the Amended Order is as follows:

> **ORDERED** that the request for stay relief is hereby granted, and the parties are permitted to continue the ongoing matrimonial proceedings in State Court in order for the State Court to finalize its determinations with respect to the issues of alimony, child support, custody, determination of damages, if any, and to fix and/or liquidate the parties' monetary claims for equitable distribution of the marital assets to which each may be entitled; and it is further
>
> **ORDERED** that this Court shall retain jurisdiction to determine the allowance of such equitable distribution claims against the bankruptcy estate and to apportion bankruptcy estate assets as part of the Debtor's continuing reorganization process. . . .

*Amended Order.*

On March 29, 2006, Ms. Romania filed an appeal of this Court's decision and Amended Order in the United States District Court for the District of New Jersey. That appeal is still pending.

On September 12, 2006, the Superior Court rendered its opinion on the equitable division of marital assets, providing, *inter alia*, that the Debtor convey his right, title and interest in the marital residence to Ms. Romania, free and clear of liens or encumbrances. *Opinion of The Honorable Michael K. Diamond of the Superior Court of New Jersey, Chancery Division, Family Part, Passaic County Vicinage, on Equitable Division of the Marital Assets*, p. 25.

In response to his receipt of a form deed for transfer of his interest in the marital residence from Ms. Romania's counsel, the Debtor filed a post-judgment motion in the Superior Court seeking an order restraining the parties from disposing of, or dissipating, the marital assets so long as this Court retains jurisdiction over the assets as part of the bankruptcy estate.[1] Ms. Romania subsequently filed a cross-motion seeking, *inter alia*, a constructive trust in her favor over the remaining marital assets. *See Transcript of the December 19, 2006 Oral Argument before The Honorable Michael K. Diamond of the Superior Court of New Jersey, Chancery Division, Family Part, Passaic County Vicinage*, p. 24.

Ms. Romania's matrimonial counsel argued at the December 19, 2006 motion hearing before the Superior Court that the constructive trust relief sought constituted "a backdoor attempt to convince [the Superior Court] that [Ms. Romania] is entitled to those assets. . . ." *Id.* at 25. Ms. Romania's matrimonial counsel clearly stated at oral argument that:

> [Ms. Romania wants] to impose the constructive trust, so that we can argue in the Bankruptcy Court that these assets should be awarded to the wife, rather than third-party creditors. We can't -- we can't have you tell Judge Steckroth that he can't do that. He's going to do what he chooses. We just want you to recognize that due to the delay we want a constructive trust, so that the New Jersey Superior Court, Family Part, shows Judge Steckroth that there was a concern and that you wanted to keep the assets available for equitable distribution.

*Id.* at 32.

On that same day, the Superior Court entered a post-judgment order again restraining the parties from further dissipating or disposing of marital assets "pending further order from Judge Steckroth in [the] Bankruptcy Court in accordance with his Opinion of [February 6, 2006] and Court

---

[1] The better practice may have been for the Debtor to file a motion in this Court stylized either as a motion to enforce the automatic stay or for an order determining a violation of the automatic stay.

Page 5
February 21, 2007

Order of [March 21, 2006]." *Post-Judgment Order, dated December 19, 2006, of The Honorable Michael K. Diamond of the Superior Court of New Jersey, Chancery Division, Family Part, Passaic County Vicinage.*

On December 22, 2006, the Superior Court entered an amended dual final judgment of divorce, fixing the parties' claims for equitable distribution. The amended judgment fixed Ms. Romania's ultimate share in the marital assets at $1,748,983.06, to be satisfied by the remaining assets of the marital estate, other than the Debtor's legal practice, and a balance of $54,579 as a claim against the Debtor. *Amended Dual Final Judgement of Divorce, dated December 22, 2006, of The Honorable Michael K. Diamond of the Superior Court of New Jersey, Chancery Division, Family Part, Passaic County Vicinage.*

On January 11, 2007, in response to the oral argument, the Superior Court entered an Order for Constructive Trust, which provides in relevant part:

> **ORDERED AND ADJUDGED** as follows:
>
> That all of the parties' marital assets had been placed in *custodia legis* to be held in trust for the benefit of the parties pursuant to dual Orders of this Court entered on January 14, 2000.
>
> That as a result the marital assets have been placed in *custodia legis*, no marital assets may be dissipated or encumbered, except as provided by the Orders of this Court and/or the US Bankruptcy Court.

*Order for Constructive Trust, dated January 11, 2007, of The Honorable Michael H. Diamond of the Superior Court of New Jersey, Chancery Division, Family Part, Passaic County Vicinage.*

The Order for Constructive Trust also: (i) retains jurisdiction in the Superior Court until a full distribution of assets pursuant to the amended dual final judgment of divorce is completed, (ii) provides that the assets shall remain in *custodia legis* with the Superior Court until full distribution of the marital assets occurs, and (iii) refers the matter to this Court for distribution. *Id.* The Order for Constructive Trust was, of course, entered well after the Chapter 11 petition was filed.

Under New Jersey law, each spouse benefits from a presumption that marriage constitutes a shared undertaking and that they contributed to the enterprise, which results in an accumulation of property, until otherwise determined by a court of competent jurisdiction. *See Rothman v. Rothman*, 65 N.J. 219, 229 (1974) (shared undertaking); *Perkins v. Perkins*, 159 N.J. Super. 243, 247 (N.J. Super. Ct. App. Div. 1978) (presumption) (citation omitted). "Although the acquisition of property may be traced more directly to one partner than another, the distribution should reflect non-pecuniary as well as pecuniary contributions to the marriage." *Perkins*, 159 N.J. Super. at 247.

Page 6
February 21, 2007

The filing of a bankruptcy petition under Chapter 11 of the Bankruptcy Code creates a bankruptcy estate "consisting of all property in which the debtor holds an interest" and implements the automatic stay to preclude efforts to obtain or disburse property of the estate. *Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien Envtl. Energy, Inc.)*, 181 F.3d 527, 532 (3d Cir. 1999). The stay applies to all actions brought against a debtor, regardless of whether the assets in question are property of the debtor's estate. *See Raymark Indus., Inc. v. Lai*, 973 F.2d 1125, 1130 (3d Cir. 1992) (citations omitted). In addition, any act to obtain property or exercise control over property of the estate, or to "collect, assess, or recover a claim against the debtor that arose before the commencement of the case" constitutes a violation of the automatic stay. 11 U.S.C. §§ 362(a)(3) and (6). A "claim" is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured . . . ." 11 U.S.C. § 101(5)(A). The stay is in effect until a court orders it vacated, until a court grants or denies a discharge, or until a case is closed or dismissed. *In re Hawk*, 314 B.R. 312, 314 (Bankr. D.N.J. 2004) (citations omitted).

> Once validly entered in a court of competent jurisdiction, a judgment is considered valid until overturned or vacated by that court or an appellate court with supervisory powers over that court's system.

*Raymark Indus., Inc.*, 973 F.2d at 1132 (quoting *James v. Draper (In re James)*, 940 F.2d 46, 52 (3d Cir. 1991)). However, the Third Circuit Court of Appeals has observed that a bankruptcy court may enjoin a pending state action that violates the automatic stay. *Raymark Indus., Inc.*, 973 F.2d at 1132 (citing *In re James*, 940 F.2d at 52).

> A federal bankruptcy court may intervene only when the state proceedings are void *ab initio*; it lacks the power where it simply disagrees with the result obtained in an otherwise valid proceeding.

*Raymark Indus., Inc.*, 973 F.2d at 1132 (quoting *In re James*, 940 F.2d at 52) (emphasis added). Unlike an erroneous judgment, which is only subject to direct attack, "[a] void judgment is one which, from its inception, was a complete nullity and without legal effect." *Id.*

Actions taken in violation of the stay become voidable and may be ratified by a court's retroactive annulment of the stay, however, if "the action was taken without knowledge of the bankruptcy filing, and cause to grant relief from the stay would have otherwise existed." *In re Hawk*, 314 B.R. at 317 (citing *In re Siciliano*, 13 F.3d 748, 750-51 (3d Cir. 1994)).

A reading of the transcript of the oral argument in the Superior Court makes clear that Judge Diamond believed his entry of an order on behalf of Ms. Romania, retroactively holding the remaining marital assets in *custodia legis,* was not a violation of the automatic stay or this Court's Amended Order. Instead, the colloquy and the Order for Constructive Trust establish that Judge

Page 7
February 21, 2007

Diamond sought only to protect both parties from further dissipation of the marital assets pending subsequent order of this Court.

A claim for equitable distribution arises upon the judgment of divorce. *In re Howell*, 311 B.R. 173, 176 (Bankr. D.N.J. 2004) (citing *Buglione v. Berlingeri (In re Berlingeri)*, 246 B.R. 196, 200 (Bankr. D.N.J. 2000)). Here, prior to equitable division, the Debtor filed for protection in bankruptcy, afforded him by virtue of the automatic stay. In the Amended Order, this Court provided limited relief from the automatic stay to proceed with the underlying matrimonial litigation. Narrowed to the relevant circumstances, the Amended Order permitted the Superior Court to "fix and/or liquidate the parties' monetary claims for equitable distribution of the marital assets. . . ." *Amended Order*. However, this Court "retain[ed] jurisdiction to determine the allowance of such equitable distribution claims against the bankruptcy estate and to apportion bankruptcy estate assets as part of the Debtor's continuing reorganization process. . . ." *Id.*

Ms. Romania's attempt to secure a constructive trust in her favor over the remaining marital assets constitutes an attempt to obtain property of the bankruptcy estate in violation of Section 362(a)(3) and an effort to collect or recover on a claim in violation of Section 362(a)(6). In addition, the Superior Court's Order for Constructive Trust clearly exceeded the bounds permitted by this Court's Amended Order granting limited relief from the automatic stay, by attempting to retroactively place the marital assets in *custodia legis* with the Superior Court, to Ms. Romania's advantage. The benefit to Ms. Romania, as acknowledged by her matrimonial counsel at oral argument in the Superior Court, was to garnish persuasive weight for the argument to be presented to this Court that the assets are "outside of the bankruptcy estate." *Transcript of the December 19, 2006 Oral Argument before The Honorable Michael K. Diamond of the Superior Court of New Jersey, Chancery Division, Family Part, Passaic County Vicinage*, p. 25. Noteworthy here, the Order for Constructive Trust was requested and pursued by Ms. Romania's matrimonial counsel. Thus, Ms. Romania's actions were intentional. Any advantage afforded by attempting to place the marital assets in *custodia legis* is superfluous given the operation of the automatic stay and the absence of a decision by this Court that the Debtor does not maintain an interest in those assets, which are now part of the bankruptcy estate. In addition, the Amended Order only permitted a determination or fixing of claims for equitable distribution, with allocation to be effectuated by this Court. Therefore, the Order for Constructive Trust is void as a nullity and has no legal effect. *See Raymark Indus., Inc.*, 973 F.2d at 1132 (citing *In re James*, 940 F.2d at 52.). These actions are void *ab initio*, and not simply voidable, because they were undertaken with full knowledge of this ongoing bankruptcy proceeding. *See In re Hawk*, 314 B.R. at 317 (citing *In re Siciliano*, 13 F.3d at 750-51).

Ms. Romania also argues that the Superior Court order is not a violation of the automatic stay because it constitutes a ministerial act. "Ministerial acts, even if undertaken post-petition within the context of a judicial or other court proceeding do not violate the automatic stay. . . ." *Chase Manhattan Bank v. Pulcini (In re Pulcini)*, 261 B.R. 836, 841 (Bankr. W.D. Pa. 2001) (citations omitted), *questioned on other grounds in Jones v. LaSalle Nat'l Bank (In re Jones)*, 2004 Bankr.

Page 8
February 21, 2007

LEXIS 1273, *39 (Bankr. E.D. Pa. July 27, 2004) (questioned in its application of this rule). "A ministerial act is one that is essentially clerical in nature." *In re Dominguez*, 312 B.R. 499, 503 (Bankr. S.D.N.Y. 2004) (citing *see In re Best Payphones, Inc.*, 279 B.R. 92, 98 n.7 (Bankr. S.D.N.Y. 2002)). Here, to the contrary, the Order for Constructive Trust was an adjudicative act. As stated previously, Ms. Romania's purpose in seeking a constructive trust was a deliberate attempt to improve her position, post-petition, in order to more effectively argue before this Court that her share of the matrimonial assets is not part of the bankruptcy estate.

Certain post-filing actions that technically violate the stay are permissible when the interests of equity and judicial economy dictate. *See In re Siciliano*, 13 F.3d at 750-51 n.2. The Debtor's subsequent motion to enjoin actions of transfer or disposition of marital property was caused by his receipt of the form deed. It would be inequitable to hold the Debtor liable for seeking to enjoin such actions. Therefore, the Debtor's post-judgment motion and the order of restraint resulting therefrom do not constitute violations of the automatic stay.

"[A] debtor injured by the 'willful violation' of the automatic stay 'shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.'" *In re Hawk*, 314 B.R. at 317 (citation omitted). The Third Circuit Court of Appeals has noted that:

> [i]t is a willful violation of the automatic stay when a creditor violates the stay with knowledge that the bankruptcy petition has been filed. Willfulness does not require that the creditor intend to violate the automatic stay provision, rather it requires that the acts which violate the stay be intentional.

*Id.* at 317-*18 (quoting *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp. & Gen. Motors Acceptance Corp.*, 337 F.3d 314, 320 n.8 (3d Cir. 2003) (internal citation omitted)). Good faith is irrelevant to an award of compensatory damages. *See Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1088 (3d Cir. 1992).

Ms. Romania's matrimonial counsel's argument before the Superior Court was intentional and with knowledge of the Debtor's bankruptcy filing. Its design was to improve Ms. Romania's circumstances, in clear violation of the automatic stay. Therefore, this Court holds that the violation of the automatic stay was willful.

The Third Circuit Court of Appeals has recognized an exception to a willful violation where a creditor has persuasive legal authority to support its position. *Id.* Courts interpreting the exception are unclear about whether both persuasive legal authority and legal uncertainty are required, or whether just one suffices. *In re Hawk*, 314 B.R. at 317-*18 (citing *see, e.g., Montgomery Ward, LLC v. Wisekit Factory, Ltd. (In re Montgomery Ward, LLC)*, 292 B.R. 49 (Bankr. D. Del. 2003) (applying a two-pronged analysis)). Resolution of the debate is not required in this instance as Ms.

Page 9
February 21, 2007

Romania satisfies neither prong of the exception. There is no legal uncertainty as to whether a creditor who attempts to improve her position, post-petition, is in violation of the automatic stay. Unless the act taken is purely ministerial, which this Court has held is not the case here, the violation is evident. In addition, Ms. Romania's counsel cited no legal authority, much less persuasive authority, before the Superior Court or this Court, suggesting that Ms. Romania's actions were not in violation of the automatic stay. The only legal reference on this point was that the Order for Constructive Trust would protect both parties. However, Ms. Romania's matrimonial counsel acknowledged that the argument was simply a backdoor attempt to improve her posture before this Court. This behavior cannot be countenanced.

      For all the aforementioned reasons, the Superior Court's Order for Constructive Trust is void *ab initio*. Therefore, the Debtor's motion to void said Order is granted and compensatory damages are awarded in favor of the Debtor and against Ms. Romania, in the form of attorney's fees and costs incurred in the filing of the instant motion. Debtor's counsel is to submit an affidavit of services and costs within ten days to permit this Court to fix the award. An Order in conformance with this Opinion has been entered by the Court and a copy is attached hereto.

                                                      Very truly yours,

                                                      /s / *Donald H. Steckroth*

                                                      DONALD H. STECKROTH
                                                      UNITED STATES BANKRUPTCY JUDGE

Enclosure