**NOT FOR PUBLICATION**

```
┌─────────────────────────────┐
│          FILED              │
│  JAMES J. WALDRON, CLERK    │
│                             │
│       JUNE 13, 2007         │
│                             │
│   U.S. BANKRUPTCY COURT     │
│         NEWARK, N.J.        │
│ BY: s/ Ronnie Plasner, DEPUTY│
└─────────────────────────────┘
```

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>NICHOLAS A. MATTERA,<br><br>                    Debtor. | Case No.:   05-39171<br><br>Judge:    Donald H. Steckroth, U.S.B.J. |

**OPINION**

**APPEARANCES:**

Forman, Holt, Eliades & Ravin LLC
Harry M. Gutfleish, Esq.
Kimberly Wachs, Esq.
218 Route Seventeen North
Rochelle Park, New Jersey 07662
***Counsel for Catherine Romania***

George T. Szymczak, Esq.
441 Paterson Avenue
Wallington, New Jersey 07057
***Pro Se***

William J. Roca, Esq.
470 Chamberlain Avenue, Suite 6
Paterson, New Jersey 07522
***Pro Se***

**<u>THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE</u>**

Before the Court are four motions concerning Rule 2004 subpoenas. On May 9, 2007, Catherine Romania filed separate motions to compel compliance with Rule 2004 subpoenas against George Szymczak, Esq. and William Roca, Esq. The motion directed to Mr. Szymczak also requests that the Court hold him in contempt for failure to comply with the Rule 2004 subpoena served upon him. On May 18, 2007, Messrs. Szymczak and Roca filed separate cross-motions to quash the subpoenas. On June 4, 2007, Ms. Romania filed separate opposition briefs to the cross-motions. Both Messrs. Szymczak and Roca subsequently filed reply briefs in support of their cross-motions. Argument was heard June 12, 2007.

For the reasons that follow: (i) Catherine Romania's motion to compel compliance with a Rule 2004 subpoena and for a finding of contempt as to George Szymczak, Esq. is granted in part and denied in part; (ii) Ms. Romania's motion to compel compliance with a Rule 2004 subpoena as to William Roca, Esq. is granted in part and denied in part; and (iii) the cross-motions to quash the Rule 2004 subpoenas by Messrs. Szymczak and Roca are each denied.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. As this matter concerns a request for information in an effort to determine whether assets constitute property of the bankruptcy estate in order to satisfy a claim against the estate, it constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

**Statement of Facts and Procedural History**

The current motions come to the Court against a backdrop of an underlying lengthy matrimonial litigation. Nicholas Mattera (hereinafter "Debtor") was previously married to Ms. Romania. Both are attorneys duly licensed in the State of New Jersey. The Debtor's law practice includes two associates, *to wit*, Messrs. Szymczak and Roca. In the underlying matrimonial litigation, substantial discovery was taken from Messrs. Szymczak and Roca, in the form of depositions and production of documents. The scope of that discovery was to uncover the extent of Ms. Romania's interest in the law practice as a marital asset and concerned the then-relevant time period of 2001 through 2003.

The current subpoenas concern the time period beginning 2003 through the present and are intended to shed light on whether any assets that came into the possession and control of Messrs. Szymczak and Roca during that period are property of bankruptcy estate. The impetus for these subpoenas was the Debtor's post-petition conversion of his law practice from a partnership to a limited liability company without prior approval of this Court. In addition, both Messrs. Szymczak and Roca were allegedly granted and retain an interest in the limited liability company.

Messrs. Szymczak and Roca both argue that the information sought has been previously provided and that they were previously deposed in regards to same. These efforts were allegedly unfruitful as Ms. Romania chose not to utilize the discovered information at the matrimonial trial. However, strategy in the underlying matrimonial litigation is not relevant to a finding of property of the estate and the fact that the former spouses had entered into a consensual valuation of their interests in the law practice could have induced forbearance of this evidence at trial. Messrs. Szymczak and Roca argue that the subpoenas are no more than an attempt to harass them and the

3

Debtor. Finally, they contend that valid reasons exist for Mr. Szymczak's failure to comply with the subpoena and the inability to serve Mr. Roca with a similar subpoena.

## Discussion

**Rule 2004 Subpoenas**

Federal Rule of Bankruptcy Procedure 2004 provides that "[o]n motion of any party in interest, the court may order the examination of any entity." *See* FED. R. BANKR. P. 2004(a). The permissive language of Rule 2004 connotes a court's discretion in deciding whether to grant a request for a Rule 2004 examination. *See In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (citing *In re Bd. of Dirs. of Hopewell Int'l Ins., Ltd.*, 258 B.R. 580, 587 (Bankr. S.D.N.Y. 2001) (other citations omitted)). Rule 2004 further provides that the examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any other matter which may affect the administration of the debtor's estate, or the debtor's right to discharge." FED. R. BANKR. P. 2004(b). The scope of a Rule 2004 examination "has been explained as a broad investigation into the financial affairs of the debtor for the purpose of the discovery of assets of the estate and the discovery of fraudulent conduct." *See 2435 Plainfield Ave., Inc. v. Twp. of Scotch Plains (In re 2435 Plainfield Ave., Inc.)*, 223 B.R. 440, 456 (Bankr. D.N.J. 1998) (citations omitted). In fact, courts have gone so far as to recognize that Rule 2004 examinations are broad, unfettered and in the nature of fishing expeditions. *See In re Valley Forge Plaza Assoc.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990).

It should be noted that:

> the breadth of scope of a [Rule] 2004 examination derives from the particular purpose for which [Rule] 2004 and its predecessor provisions under the Bankruptcy Act were promulgated. That is to allow a Trustee, or others interested in accomplishing the same ends, to discover and investigate how to bring to light possession of assets of the debtor that might be intentionally concealed or overlooked in ignorance or haste.

*Id.* (citing *In re Cinderella Clothing Indus., Inc.*, 93 B.R. 373, 377 (Bankr. E.D. Pa. 1988) (other citations omitted) (emphasis added)). To that end, "[t]hird parties having knowledge of the debtor's affairs, as well as a debtor itself, are subject to examination." *In re Valley Forge Plaza Assoc.*, 109 B.R. at 674 (citations omitted).

There are limits on the availability of Rule 2004 as a discovery tool. For example, a majority of courts "have prohibited a Rule 2004 exam of parties involved in or affected by an adversary proceeding while it is pending." *In re 2435 Plainfield Ave., Inc.*, 223 B.R. at 455-56 (citing *In re Valley Forge Plaza Assoc.*, 109 B.R. at 674 (stating that "once an adversary proceeding or a particular contested matter is under way, discovery sought in furtherance of litigation is subject to the F. R. Civ. P. rather than the broader bounds of R2004") (collecting cases) (other citations omitted)).

The reason for this limitation on the availability of Rule 2004 as a discovery device stems from the distinction between the broad scope of a Rule 2004 examination and the more restricted nature of discovery permitted under the Federal Rules of Civil Procedure. For example, while the scope of an examination under Rule 2004 is far-reaching, discovery rules in adversary proceedings and contested matters are more restrictive with respect to the threshold requirement of relevance and

in regards to protections available to subpoenaed parties. As such, "'courts will usually not allow a 2004 exam where an adversary proceeding is pending, because the party requesting the exam is likely seeking to avoid the procedural safeguards of Bankruptcy Rules 7026-7037.'" *In re 2435 Plainfield Ave., Inc.*, 223 B.R. at 456 (quoting WILLIAM L. NORTON, JR., 6 NORTON BANKRUPTCY LAW & PRACTICE § 141:35 (2d ed. 1998)). In addition, the party seeking to conduct a Rule 2004 examination bears the burden of showing cause. *See generally In re 2435 Plainfield Ave., Inc.*, 223 B.R. at 440. Moreover, the expansive nature of Rule 2004 should not be permitted to exact prejudice or injustice on the subpoenaed party. *See id.* at 456.

Here, there exists no adversary proceeding in this Court to which Messrs. Szymczak and Roca are a party. In addition, while there exists an ongoing adversary proceeding to determine that marital assets are not property of the estate, that proceeding constitutes only a portion, indirect in nature, of the scope of the subpoenas at issue. The instant subpoenas serve to seek information to determine whether additional assets of the bankruptcy estate exist. Specifically, they address business and trust accounts held, operated and controlled by Messrs. Szymczak and Roca. Given their control during the relevant period over these separated accounts, Rule 2004 discovery is properly sought from these individuals. If property of the estate is discovered, the monies would serve to affect the currently proposed Chapter 11 plan. As of the petition date, the Debtor's practice existed in the legal form of a partnership. It can be argued and there exists authority for the proposition that since a general partnership entertains no legal existence separate from its owner, its assets become property of the bankruptcy estate upon the filing of a personal petition by its owner. *See Leventhal v. Atl. Rainbow Painting Co., Ltd.*, 68 N.J. Super. 406, 411 (N.J. Super. Ct. App. Div. 1961) (A "partnership is not an entity having an existence separate and apart from the

6

partners comprising it.") (citing *Mazzuchelli v. Silberberg*, 29 N.J. 15 (N.J. 1959); *Parker v. Zanghi*, 45 N.J. Super. 167 (N.J. Super. Ct. App. Div. 1957) (other citation omitted)); 11 U.S.C. § 541 (2007) (property of the estate comprises all legal and equitable interests of the debtor in property as of the petition date unless specifically excepted). Moreover, the discovery conducted in the underlying state court litigation involved a separate time period altogether.

If ultimately deemed assets of the bankruptcy estate, any monies discovered clearly would affect the administration of the Debtor's estate. In addition, the conversion to a limited liability company may affect a determination of non-dischargeability for fraud, as is alleged by Ms. Romania in the context of a second adversary proceeding not involving Messrs. Szymczak and Roca. Therefore, the scope of information sought by the subpoenas falls squarely within the bounds of Rule 2004 and may be obtained.

**Quashing a Rule 2004 Subpoena**

Federal Rule of Civil Procedure 45, made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 9016, provides in relevant part:

> On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
>
> (i) fails to allow reasonable time for compliance;
> (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from where the person resides, is employed or regularly transacts business in person . . .
> (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
> (iv) subjects a person to undue burden.

FED. R. CIV. P. 45(c)(3)(A).

In considering whether a subpoena imposes an undue burden, courts take into account "'relevance, the need of the party for the documents, the breath of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996) (quoting *U.S. v. Int'l Bus. Machs. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979)). Other courts weigh the burden imposed on the subpoenaed party against the value of the information to the issuing party. *See Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005).

Despite Messrs. Szymczak and Roca's arguments to the contrary, the burden sought to be imposed upon them is not undue. They have never provided discovery as to the relevant time period 2003 to the present and they are not party to any adversary proceeding before this Court. Thus, the information sought is within the bounds of Rule 2004. The subpoenas themselves are catalyzed by the Debtor's conversion of his law practice without prior Court approval and Messrs. Szymczak and Roca's alleged interest in the resulting limited liability company. As such, there exists no cause to quash the instant subpoenas. Mr. Roca is directed to accept service of the subpoena by mail, and both Messrs. Szymczak and Roca are directed to comply with their terms forthwith.

This Court is aware that the instant subpoenas stem from an extensive, ongoing and litigious underlying matrimonial proceeding in which Messrs. Szymczak and Roca were deposed and did previously provide extensive discovery. The litigious nature of the matrimonial proceeding has also crossed over into the instant bankruptcy proceeding. Given this context, Ms. Romania is hereby directed to proceed with Rule 2004 discovery in good faith and without harassment of or undue burden to the subpoenaed parties. Enforcement of this directive shall be upon motion.

In light of the factual dispute regarding the inability of Mr. Szymczak to comply with the instant subpoenas as well as the fact that the subpoena issued only two months ago, this Court declines to hold Mr. Szymczak in contempt of Court. In addition, Ms. Romania's request for attorney's fees and costs is denied. The other arguments raised by Messrs. Szymczak and Roca are not relevant to the instant determinations and are not addressed here.

## Conclusion

For all of the aforementioned reasons, this Court holds that: (i) Mr. Roca is directed to accept service of Ms. Romania's Rule 2004 subpoena; (ii) Messrs. Szymczak and Roca are to comply with the Rule 2004 subpoenas forthwith; (iii) Ms. Romania is to proceed with Rule 2004 discovery in good faith and without harassment of or undue burden to the subpoenaed parties; (iv) the remainder of Ms. Romania's motions for fees and for a finding of contempt as to George Szymczak, Esq. are denied; and (v) Messrs. Szymczak and Roca's cross-motions to quash the Rule 2004 subpoenas are each denied. An Order in conformance with this Opinion has been entered by the Court and a copy is attached hereto.

/s/ *Donald H. Steckroth*
_____
DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated: June 13, 2007